UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EDWARD MAXWELL, #121460,**

    **Petitioner,**

v.                                           Case No. 2:01-CV-71938-DT
                                                Honorable Nancy G. Edmunds

**DAVID SMITH,**

    **Respondent.**

_____

### OPINION & ORDER DENYING PETITIONER'S
### MOTION FOR RELIEF FROM JUDGMENT

**I. INTRODUCTION**

This matter is before the Court on Petitioner's, Edward Maxwell's, Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b). Respondent has not filed a responsive pleading. Petitioner was convicted of one count of first degree murder in violation of MCL §750.316 and one count of possession of a firearm during the commission of a felony in violation of MCL §750.227b. He was sentenced to life imprisonment without the possibility of parole and a mandatory consecutive two year term, respectively. Petitioner challenged the legality of his conviction and filed a petition for habeas relief which was denied by this Court. He has subsequently filed the pending motion for relief from judgment which is the subject of this review.

**II. STATEMENT OF PROCEDURAL FACTS**

This Court entered an order denying Petitioner's request for habeas relief on November 1, 2002. On December 4, 2002, Petitioner filed an appeal notice with the Sixth Circuit. He also filed a motion for leave to appeal *in forma pauperis* as well as a motion for certificate of appealability with

this Court. On January 14, 2003, this Court issued an opinion and order granting Petitioner's motion for leave to appeal *in forma pauperis,* but denied Petitioner's request for certificate of appealability. On July 1, 2003, the Sixth Circuit likewise denied Petitioner's application for certificate of appealability. After receiving similarly unfavorable rulings on Petitioner's applications for certificate of appealability from the United States Supreme Court, Petitioner filed a writ of mandamus with the Sixth Circuit. On August 2, 2005, the petition for a writ of mandamus was denied. Subsequently, on March 2, 2006, Petitioner filed a motion for relief from judgment, a motion for the appointment of counsel, and a motion for leave to appeal *in forma pauperis* with this Court.

## III. APPLICABLE LAW & ANALYSIS

### A. Jurisdiction

According to the above set forth chronology of filing events, Petitioner's motion for relief from judgment was filed approximately four years after Petitioner filed his appeal notice with the Sixth Circuit. The Sixth Circuit denied Petitioner's application for certificate of appealability approximately three years before his motion for relief from judgment was filed and did not remand the case back to this Court. Furthermore, the Sixth Circuit denied Petitioner's writ of mandamus approximately seven months before his motion for relief from judgment was filed and the Sixth Circuit again did not remand the case to this Court.

Because Petitioner filed his appeal notice prior to seeking relief from judgment, the traditional rule is that this Court would no longer have jurisdiction over the matter. *See, Pittock v. Otis Elevator Co.,* 8 F.3d 325, 27 (6th Cir. 1993) ("[a]s a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal . . . "). The general rule is that

a "timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals." *LSJ Inv. Co. Inc., v. O.L.D., Inc.,* 167 F.3d 320, 324 (6th Cir. 1999), quoting, *Pittock v. Otis Elevator Co.,* 8 F.3d at 327. However, there are exceptions to this "general rule." These exceptions are "when the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order." *Pittock v. Otis Elevator*, 8 F.3d at 327.

The Sixth Circuit in this case has rendered a decision in this matter by denying Petitioner's application for certificate of appealability and by denying his petition for writ of mandamus. Furthermore, the docket indicates that on November 6, 2003, the Sixth Circuit returned to this Court the record relative to this matter. Therefore, the appeal is no longer pending before the Sixth Circuit and the appellate court has relinquished jurisdiction. Accordingly, jurisdiction returns to the district court and this Court may entertain Petitioner's Rule 60(b) motion filed after the Sixth Circuit disposed of the appeal, without Petitioner first obtaining leave of the appellate court. See *Standard Oil Co., v. United States,* 429 U.S. 17, 17 (1976); See also *Flynt v. Brownfield, Bowen & Bally,* 726 F.Supp. 1106, 1110 (S.D. Ohio 1989). Therefore, the Court will address the merits of Petitioner's motion.

### B. Grounds for Considering Merits Under Rule 60(b)(3) & (6)

Petitioner seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) & (6), which provide in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within

3

>a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken . . .

Relative to Rule 60(b)(3), the Court will not grant Petitioner relief under this subsection of the Rule for two reasons. First, the motion is untimely. Pursuant to the Rule as set forth above, a party has one year from the date of judgment to bring a motion for relief from judgment when the grounds are claims of fraud. The judgment from which Petitioner is seeking relief was entered over four years ago on November 1, 2002. Petitioner filed his motion for relief from judgment on March 2, 2006. Therefore, Petitioner is far beyond the limitations period relative to filing his motion.

Second, even if this motion was timely, Petitioner's request for relief based upon fraud grounds has no merit. The factual basis for Petitioner's argument is that the trial court relied upon fraudulent testimony and other information revealed during trial which led to Petitioner's conviction; and this Court relied upon the same information in its denial of his request for habeas relief. These facts do not support a grant of relief under Rule 60(b)(3). Such relief is appropriate only if the denial of a petition was "clearly produced by the state's misrepresentation in the habeas proceedings." *Buell v. Anderson*, 48 Fed. Appx. 491, 496 (6th Cir. 2002). No such allegations are made against the state in this case; and therefore, Petitioner has failed to satisfy the standard. Accordingly, Petitioner's request for relief is denied under Rule 60(b)(3).

Relative to Rule 60(b)(6), relief may be granted only in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990). The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. See, *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir. 2001). A Rule

60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. See *Miles v. Straub,* 90 Fed. Appx. 456, 458 (6th Cir. 2001). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. See *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 543 (6th Cir. 2004). Generally, Rule 60(b)(6) relief is available only if the reason purportedly justifying the relief is one other than those enumerated in the other five subsections of Rule 60(b). *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989). Based upon the foregoing, Petitioner's motion does not entitle him to relief for two reasons.

First, Petitioner's motion reiterates the allegations that he made in his original petition. See, *Johnson v. Unknown Dellatifa,* 357 F.3d at 543. Petitioner raises the same issues of prosecutorial misconduct, ineffective assistance of trial counsel and ineffective assistance of appellate counsel in his motion for relief from judgment. Furthermore, Petitioner argues the same facts and trial testimony in support of his claim that post judgment relief is warranted in this matter. Therefore, to the extent that Petitioner is merely attempting to relitigate issues that were already decided against him adversely by this Court, the motion is denied.

Second, Petitioner further claims that relief from judgment should be granted because of this Court's alleged error in analyzing his prosecutorial misconduct claims in conjunction with his ineffective assistance of trial and appellate counsel issues. The Court disagrees. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal

law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).  In this case, Petitioner's prosecutorial misconduct claim was procedurally defaulted; and therefore, the Court would normally be precluded from evaluating the issue on the merits because of the procedural bar.

However, if the Petitioner can demonstrate "cause" for the procedural default, then the Court is provided with the opportunity to analyze the prosecutorial misconduct issue on the merits. "Constitutionally ineffective assistance of counsel  . . .  is cause for procedural default." *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Joseph v. Coyle,* 469 F.3d 441, 464 (6th Cir. 2006).  But to prove ineffective assistance of counsel under the Sixth Amendment, the Petitioner must demonstrate that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  Therefore, since the Petitioner raised the ineffective assistance of counsel issue in his habeas petition, in order for this Court to have considered the merits of Petitioner's prosecutorial misconduct claim it was required that an ineffective assistance of counsel analysis be conducted in conjunction with the prosecutorial misconduct claim for the purpose of finding cause for the procedural default.  Moreover, the joint analysis provided an opportunity for the Petitioner to have the substance of his prosecutorial misconduct claim analyzed on the merits.

Accordingly, the Court's decision to incorporate Petitioner's ineffective assistance of counsel claim with the prosecutorial misconduct issue is not only a rule that served to benefit the Petitioner insomuch as providing an opportunity for the substance of his claim to be evaluated, but is also required by the case law in this matter.  Therefore, the Court's analysis in this regard does not warrant relief from judgment.

6

C. <u>Appeal *In Informa Pauperis*</u>

Petitioner has also filed a request to proceed on appeal *in forma pauperis* if his motion for relief from judgment is denied. A party who has been permitted to proceed *in forma pauperis* in district court may proceed on appeal without further authorization for *in forma pauperis* status. *Fed. R. App. P 24(a)(3)*. In this case, Petitioner was not granted *in forma pauperis* status during his district court proceedings because he never sought such status nor filed any proof that he was entitled to it. However, when Petitioner sought an appeal of this Court's decision denying habeas relief by filing an application for certificate of appealability, he also sought to attain *in forma pauperis* status at that time. On January 14, 2003, this Court granted his request although denying his certificate of appealability.

Therefore, the Court's action in granting Petitioner's *in forma pauperis* request qualifies as "prior approval" under Fed. R. App. P. 24(a)(3) and authorizes this Court to grant Petitioner's present request for *in forma pauperis* status unless the Court finds that the appeal is not taken in good faith. *Cornell v. Jeffries,* 2006 WL 3324864, *2 (S.D. Ohio November 14, 2006). The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Although, the Court does not find that relief from judgment should be granted in this matter, that does not render his claims to be frivolous. See *Foster v. Ludwick,* 208 F. Supp.2d 750, 765 (E.D. Mich. 2002). "Good faith" merely requires showing that the issues are arguable on the merits; it does not require a showing of probable success." *Id.* The Court does not find that the Petitioner's claims are being brought in bad faith; and therefore finds that he may proceed *in forma pauperis.*

7

## V. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Petitioner's Motion for Relief from Judgment [Doc. 41-1, filed March 2, 2006] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel [Doc. 40-1, filed March 2, 2006] is **DENIED** as **MOOT** as the purpose for seeking the counsel appointment was relative to the litigation of the Motion for Relief from Judgment which is denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Appeal *in Forma Pauperis* [Doc. 42-1, filed March 2, 2006] is **GRANTED.**


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 20, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 20, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager