**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EDWARD MAXWELL, #121460,**

    **Petitioner,**

v.                                                       Case No. 2:01-CV-71938-DT
                                                           Honorable Nancy G. Edmunds

**DAVID SMITH,**

    **Respondent.**

_____/

**OPINION & ORDER DENYING CERTIFICATE OF APPEALABILITY**

I. Introduction

This matter is presently before the Court on Petitioner's "Motion for Certificate of Appealability" concerning the Court's denial of his motion for reconsideration following the denial of his motions for relief from judgment and appointment of counsel in a habeas corpus matter under 28 U.S.C. §2254. Petitioner was convicted, in what was formerly known as Recorder's Court for the City of Detroit, on March 27, 1992, of one count of first-degree murder in violation of Mich. Comp. Laws §750.316 and one count of possession of a firearm during the commission of a felony in violation of Mich Comp. Laws §750.227b. He was sentenced to life imprisonment without the possibility of parole and a mandatory consecutive two year term, respectively.

II. Standard of Review

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C. §§2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons

why such a certificate should not issue. See 28 U.S.C. §2253(c)(3); Fed. R. App. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(3). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

Where the petition is dismissed on procedural grounds, without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reasons would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See *Slack v. McDaniel,* 529 U.S. at 484-85.

III. Discussion

Petitioner requests that:

[T]his Court grant a Certificate of Appealability *for the reasons that the Petitioner presented to the Federal District Court. Constitutional right violations that occurred in convicting him, which were the basis of his Habeas Writ and Rule 60(b) Motion . . . Petitioner presented numerous violations of his rights to a fair trial and the methodical tactics used to deny Petitioner of presenting a defense . . . These were the*

> rights guaranteed by the U.S. Constitution that were violated. Petitioner is actually innocent of the crime charged and "[a] fundamental miscarriage of justice" occurred when a constitutional violation resulted in convicting him.

Mot. at 2-3 (emphasis added). Therefore, Petitioner is stating that his motion for certificate of appealability presently before the Court is based upon the same issues and the same arguments that have already been presented to this Court for certificate of appealability review.

As Petitioner admits, this Court has already reviewed its decision relative to its denial of habeas relief in the context of granting or denying a certificate of appealability and entered an order denying Petitioner's request on January 14, 2003. Petitioner then sought an appeal of this Court's decision to The Sixth Circuit Court of Appeals, which denied Petitioner's request for a certificate for appealability:

> "first by a single judge, and then by a three-judge panel on rehearing. *Maxwell v. Smith,* No. 02-2462 (6th Cir. June 23 and Oct. 23, 2003)(unpublished orders). Subsequently, two justices of the United States Supreme Court have denied separate applications for certificates of appealability.

*In re: Edward Maxwell,* No. 05-1652 (6th Cir. July 29, 2005)(unpublished order). Petitioner subsequently filed a petition for a writ of mandamus with The Sixth Circuit Court of Appeals for the purpose of addressing an issue regarding the prosecution's failure to call a certain witness. The Sixth Circuit ruled that "the petitioner cannot now use a mandamus petition to reopen that appeal to obtain yet another round of review in this action" and dismissed the petition for a writ of mandamus." *Id*

The Court finds that this is yet another attempt by the Petitioner to receive another round of post-judgment review of these same issues. The fact that Petitioner is seeking an appeal from a motion for reconsideration regarding his motions for relief from judgment and appointment of

3

counsel as opposed to seeking relief directly from the substantive motions is of no consequence. Petitioner argues that:

> The majority of Petitioner's claims in support of his Rule 60(b) Motion were obvious and palpable in showing the defects or violations, but the District Court rulings create[] an appearance of bias creating a conclusive presumption of actual bias.

Mot. at 5. Without any further substantiation of this Court's alleged bias, Petitioner then proceeds to reiterate the same claims that were argued in his habeas petition and motion for relief from judgment. The burden to attain a certificate of appealability remains the same, i.e., make a substantial showing of the denial of a constitutional right. Since the issues and arguments are admittedly the same as those already ruled upon by this Court, The Sixth Circuit, and the U.S. Supreme Court relative to certificate of appealability review, the result is likewise identical.

Since Petitioner acknowledges that he is raising the same claims that have already been the subject of certificate of appealability review and denied, Petitioner continues to fail to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. Petitioner has not shown that reasonable jurists could debate whether his claim should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. at 327.

## VI. Conclusion

Thus, in light of the evidence presented at trial as well as the previously rendered decisions relative to the issuance of a certificate of appealability by this Court, The Sixth Circuit Court of Appeals and the U.S. Supreme Court, the Court's resolution of these issues is not debatable among reasonable jurists, and Petitioner is therefore not entitled to a certificate of appealability on his claims.

Accordingly,

IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Doc. #50] is DENIED.

                                                s/Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated: June 17, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 17, 2008, by electronic and/or ordinary mail.

                                                s/Carol A. Hemeyer
                                                Case Manager